IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-248-D

| | | |
|---|---|---|
| CRAIG SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEN MARTIN and | ) | |
| LA QUINTA INN AND | ) | |
| SUITES/LQ MANAGEMENT, | ) | |
| | ) | |
| Defendants. | ) | |

Craig Smith once worked for La Quinta Inn and Suites/LQ Management ("La Quinta"). La Quinta terminated Smith's employment, and Smith (appearing pro se) has sued La Quinta and La Quinta's general manager Ken Martin for race discrimination under Title VII of the Civil Rights Act of 1964 [D.E. 4]. See 42 U.S.C. §§ 2000e to 2000e-17.

On July 14, 2010, Martin filed a motion to dismiss Smith's Title VII claim against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 10]. Smith did not respond to the motion.

Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." 42 U.S.C. § 2000e(b). Supervisors of corporate employers (such as La Quinta) cannot be held individually liable under Title VII because they are not "employers" as defined in Title VII. See, e.g., Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 569–70 (E.D.N.C. 2009). Thus, Smith's Title VII claim against Martin fails as a matter of law.

Accordingly, the court GRANTS Martin's motion to dismiss [D.E. 10] and dismisses the complaint against Martin.

SO ORDERED. This 4 day of November 2010.

JAMES C. DEVER III
United States District Judge